UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARSHA CATHCART, | ) |
|       Plaintiff/Counter-Defendant, | ) |
| v. | ) Case No. 18-cv-8325 |
| JANA FERRELL & ASSOCIATES, L.L.C. | ) |
|       Defendant/Counter-Plaintiff, | ) Judge Sharon Johnson Coleman |
| & | ) |
| TRANSUNION, LLC, | ) |
|       Defendant. | ) |

**ORDER**

Plaintiff/counter-defendant Marsha Cathcart's Motion to Dismiss [17] defendant/counter-plaintiff Jana Ferrell & Associates, L.L.C.'s Counterclaim is granted.

**STATEMENT**

Defendant/counter-plaintiff Jana Ferrell & Associates, L.L.C. ("JFA") is a debt collector on behalf of third parties. Defendant TransUnion, LLC is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. JFA reported a collection account on plaintiff Marsha Cathcart's credit report with TransUnion. Cathcart sent a letter to TransUnion on December 29, 2017, disputing the alleged debt from JFA on her credit report. On April 15, 2018, Cathcart received an updated credit report from TransUnion, LLC that still indicated the JFA account was in collection.

Cathcart filed her Complaint on December 19, 2018, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* JFA filed an Amended Answer to the Complaint and

1

Counterclaim on January 16, 2019, asserting a single counterclaim that seeks to recover reasonable costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). Cathcart moves to dismiss JFA's counterclaim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 632 (internal quotations omitted). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action are not sufficient for surviving a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Section 1692k(a)(3) provides: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." Cathcart moves to dismiss JFA's counterclaim on the ground that the request for fees and costs is premature under the statute. Cathcart argues that § 1592k(a)(3) does not create a cognizable counterclaim as a matter of law and that JFA's claim should be dismissed because JFA failed to plead a set of facts upon which relief can be granted. In response, JFA recognizes that courts disagree regarding whether a request pursuant to § 1692k(a)(3) should be sought through counterclaim or by a motion subsequent to disposition of the claim against the defendant.[1] JFA contends that it can establish facts sufficient to support its

---

[1] JFA's "Objections" to Cathcart's motion to dismiss (Dkt. 23) is an improper filing, which this Court did not consider. However, the Court did consider JFA's opposition brief (Dkt. 24).

allegations that Cathcart brought this lawsuit in bad faith as an attempt to harass the defendants, and so JFA should be allowed to pursue its counterclaim.

A few courts not in the Seventh Circuit have found that § 1692k(a)(3) authorizes a counterclaim for attorney's fees. *See Ayres v. Nat'l Credit Mgmt. Corp.*, No. CIV.A 90-5535, 1991 WL 66845, at *5 (E.D. Pa. Apr. 25, 1991); *Hylkema v. Palisades Collection, LLC*, No. C07–1679RSL, 2008 WL 623469, at *1 (W.D. Wash. Mar. 4, 2008). However, the majority of cases to consider this issue have instead dismissed the counterclaim for lack of a statutory cause of action or as premature. *See, e.g., Young v. Reuben*, No. 1:04 CV 0113 SEB VSS, 2005 WL 1484671, at *2 (S.D. Ind. June 21, 2005); *Haverstick v. J&M Sec., LLC*, No. 4:16-CV-441 RLW, 2016 WL 6560402, at *2 (E.D. Mo. Nov. 3, 2016); *Kropf v. TCA, Inc.*, 752 F. Supp. 2d 797, 801 (E.D. Mich. 2010); *Rodriguez v. Portfolio Recovery Associates, LLC*, 841 F. Supp. 2d 1208, 1211–12 (W.D. Wash. 2012).

This Court agrees that the prevailing case law holds that the appropriate procedure is a post-merits resolution motion. Section 1692k is retrospective, contemplating a post-trial proceeding after an assessment of the merits of Cathcart's Complaint. *See, e.g., Kropf*, 752 F. Supp. 2d at 801. JFA's counterclaim functions more as an avenue for JFA to provide notice to Cathcart and the Court that it intends to pursue its statutory entitlement to attempt to prove that Cathcart brought her lawsuit in bad faith. This cannot stand as a counterclaim because § 1692k(a)(3) is not itself a cause of action. *See Young*, 2005 WL 1484671 at *1.

Therefore, the Court dismisses JFA's counterclaim without prejudice. JFA is free to assert its fees-shifting request, if appropriate, after the merits of Cathcart's case have been finally resolved.

IT IS SO ORDERED.

Date: 3/29/2019        Entered: _____

                                                  SHARON JOHNSON COLEMAN
                                                  United States District Judge